```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

TIMOTHY J. TACY, SR.,

        Petitioner,

v.                                    Case No:  2:19-cv-687-JES-MRM

SECRETARY, DOC,

        Respondent.
_____/
```

## OPINION AND ORDER

Before the Court is Petitioner Timothy Tacy's Recall Mandate or Notice of Appealability or Reconsideration (Doc. #57), which the Court interprets as a motion for reconsideration of the Court's September 25, 2020 Order (Doc. #54). Tacy filed this habeas case to challenge a state conviction and sentence stemming from a motor vehicle collision that occurred in a McDonald's drive-through. He pled no contest, and the court sentenced him to a five-year prison term, followed by five years of probation. In his Amended Petition (Doc. #12), Tacy asserts that ineffective assistance of counsel rendered his plea unknowing and involuntary.

In a prior motion, Tacy requested to expand the record with a video of the collision. He did not have such a video, but he claimed to have learned from NPR news that McDonald's restaurants have "robbery videos" in all their drive-throughs. The Court

denied the motion because there is no evidence that a video of the incident exists exists, and because his amended petition does not claim or even imply actual innocence. Tacy now asks the Court to reconsider its decision.

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. Adams v. Boeneman, 335 F.R.D. 452, 454 (M.D. Fla. 2020). Court orders are not intended as first drafts subject to revision at a litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration. Gold Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015). "A motion for reconsideration should raise new issues, not merely readdress issues previously litigated." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1421 (M.D. Fla. 1995).

Tacy does not present any new or extraordinary circumstances to justify reconsideration of the Court's prior order. He claims the order conflicts with Supreme Court precedent regarding "new reliable evidence" in habeas cases, but he has not presented any such evidence. He continues to merely surmise that it exists. Tacy also complains about when he received discovery in the underlying criminal case. That issue is not new—he could have

2

raised it in his prior motion—and it is not relevant to the Court's decision not to expand the record.

Accordingly, it is now

**ORDERED:**

Petitioner Timothy Tacy's Recall Mandate or Notice of Appealability or Reconsideration (Doc. #57)—interpreted as a motion for reconsideration of the Court's September 25, 2020 Order—is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida this 5th day of March 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record