UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY J. TACY, SR.,

    Petitioner,

v.                      Case No:  2:19-cv-687-JES-MRM

SECRETARY, DOC,

    Respondent.
_____/

**OPINION AND ORDER**

Before the Court is Timothy J. Tacy, Sr.'s Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. #12).  The Respondent filed a Response to Petition (Doc. #27) on March 5, 2020, and petitioner filed a Traverse Response (Doc. #38) on April 1, 2020.

    **I.**    **Background**

The State of Florida charged Tacy with four counts stemming from a motor vehicle collision in a McDonald's parking lot: (1) aggravated battery with a deadly weapon; (2) driving while license suspended; (3) criminal mischief; and (4) possession of marijuana. (Doc. #28-1 at 25).  According to the victims, Tacy used the car he was driving to repeatedly strike theirs, while honking the horn and yelling, "move faster."  (Id. at 20).

Due to Tacy's lengthy criminal history, he faced up to 20

years in prison. (Id. at 320). The State offered a plea deal for five years' incarceration followed by five years of probation, and Tacy accepted. (Id. at 304). The trial court questioned Tacy at length to ensure he understood the consequences of a no contest plea and the rights he waived. (Id. at 315-26). The court also asked detailed questions to ensure that Tacy was satisfied with the performance of his counsel, Kari Myllynen. (Id.) Tacy stated he was guilty, expressed remorse, and opined that the plea offer was reasonable. (Id. at 330-31). He entered a plea of no contest (Id. at 34), and the trial court sentenced him as stipulated by the plea offer (Id. at 28).

Tacy filed a motion under Florida Rule of Criminal Procedure 3.850. The Rule 3.850 motion, as amended, is convoluted and difficult to follow. Read liberally, Tacy argued Myllynen failed to adequately investigate the case and advise Tacy of the facts before Tacy accepted the State's plea deal. (Doc. #28-1 at 172-210). Tacy filed a slew of unsuccessful petitions in the Florida appellate courts while the motion was pending. They generally sought either immediate release from custody or a faster adjudication of the Rule 3.850 motion. The postconviction court ultimately denied the Rule 3.850 motion. (Id. at 284-90). After granting Tacy leave to file a belated appeal, the Second District Court of Appeal of Florida (2nd DCA) affirmed without a written

opinion.  (Doc. #28-5 at 23).

Tacy's federal habeas petition asserts one ground for relief: that Myllynen was ineffective for failing to advise Tacy of the facts before he entered a "no contest" plea.[1]  (Doc. #1 at 7). Respondent argues the ground is unexhausted and meritless.

## II. Applicable Habeas Law

### a. AEDPA

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief.  28 U.S.C. § 2254.  Relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet.  White v. Woodall, 134 S. Ct. 1697, 1702 (2014).  A state

---

[1] Tacy asserts additional arguments in his Reply (Doc. #38), but the Court will not address them as independent grounds because "arguments raised for the first time in a reply brief are not properly before a reviewing court." Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005).  The Court has, however, considered those arguments insofar as they attempt to rebut Respondent's defenses.

3

court's violation of state law is not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wilson v. Corcoran, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. White, 134 S. Ct. at 1702; Casey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law. 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526,

4

531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." Sexton v. Beaudreaux, 138 S. Ct. 2555, 2558 (2018).

Finally, when reviewing a claim under 28 U.S.C. § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Burt v. Titlow, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

### b. Exhaustion

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has

5

exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Pope v. Sec'y for Dep't. of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).

### c. Ineffective Assistance of Counsel

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether a convicted person may have relief for ineffective assistance of counsel. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. Id.

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Sealey v. Warden, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting Strickland, 466 U.S. at 689). And "[a] state court's determination that a claim lacks

6

merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Franks v. GDCP Warden, 975 F.3d 1165, 1176 (11th Cir. 2020) (quoting Harrington, 562 U.S. at 101). Thus, a habeas petitioner must "show that no reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct." Id.

The second prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Sealey, 954 F.3d at 1355 (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The critical question on federal habeas review is not whether this Court can see a substantial likelihood of a different result had defense counsel taken a different approach. Mays v. Hines, 141 S. Ct. 1145, 1149 (2021). All that matters is whether the state court, "notwithstanding its substantial 'latitude to reasonably determine that a defendant has not [shown prejudice],' still managed to blunder so badly that every fairminded jurist would disagree." Id. (quoting Knowles v. Mirazayance, 556 U.S. 111, 123 (2009)).

"An ineffective-assistance claim can be decided on either the deficiency or prejudice prong." Sealey, 954 F.3d at 1355. And

"[w]hile the Strickland standard is itself hard to meet, 'establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult.'" Id. (quoting Harrington, 562 U.S. at 105).

### III. Analysis

In his single habeas ground, Tacy claims his plea was involuntary and unknowing because Myllynen failed to advise him of the facts of the case before Tacy pled no contest. Tacy's argument is not entirely clear, but the crux seems to be that the State could not have proven their case at trial, and Tacy would not have pled guilty had Myllynen better informed him of the evidence. Interpreting Tacy's Petition liberally, his claim appears similar to—or at least encompassed by—the arguments he advanced in his first state postconviction motion (as amended). (Doc. #28-1 at 172-206).

The postconviction court found Tacy's argument to be partially based on "the misunderstanding that the State was obligated to produce evidence beyond a reasonable doubt at the time of his plea[.]" (Id. at 285). To the extent Tacy sought to challenge the sufficiency of the evidence, the postconviction court found the claim procedurally barred by Florida law. (Id. at 285-86). The court also noted that Tacy "specifically waived his right to see and hear the State's witnesses and to require the

8

State to prove the charges against him beyond a reasonable doubt." (Id. at 286).

What is more, "[t]he mere fact that the State did not produce evidence of the crimes charged in the Information beyond a reasonable doubt at the time of [Tacy]'s plea is not a sufficient basis for an objection or motion to dismiss." (Id.)  It follows that Myllynen cannot be considered deficient for failing to hold the State to a burden of proof that it need not satisfy before trial.  The postconviction court also explained why Myllynen had no grounds to challenge the plea for lack of a factual basis:

> A review of the record demonstrates that a police report was filed in this case at the time of the Defendant's first appearance and that same police report established a factual basis for the crimes charged.  The police report reflects that as Maria Lopez-Lucas and Pedro Santos-Jacinto waited in line in their Ford Explorer, the Defendant, driving a Ford Taurus, repeatedly hit them and then began to push them with his vehicle while honking the horn and yelling at them to "move faster."  An object is considered a deadly weapon if it is used in a way likely to produce death or great bodily harm.  A vehicle ramming another vehicle is considered to be a deadly weapon if the occupants of a vehicle were injured, jostled, moved about within the vehicle, or had to brace themselves for protection against impending impact.  Mr. Santos-Jacinto stated that he had to press hard on the brakes to refrain from hitting the car in front of them due to the Defendant pushing them.  Therefore, [Tacy]'s actions of ramming the victims' vehicle constituted aggravated battery with a deadly weapon pursuant to Fla. Stat. §784.045 (2016).

(Id.)

The Sixth Amendment right to effective assistance of counsel

9

"attaches not only during a criminal trial but also when a criminal defendant is deciding whether to plead guilty." Schwartz v. Sec'y, Fla. Dep't of Corr., 842 F. App'x 442, 446 (11th Cir. 2021). But Tacy fails to show he did not receive effective counsel. The record refutes Tacy's claim that Myllynen should have advised Tacy the State lacked adequate evidence. The postconviction court reasonably determined that the victims' testimony alone could have proven Tacy's guilt. Plus, as discussed below, Tacy acknowledged his guilt several times under oath.

Tacy also fails to show prejudice. "In the context of pleas, the prejudice prong 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). The question is "whether there is a 'reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.'" Id. (quoting Lee v. United States, 137 S. Ct. 1958, 1964 (2017)).

The record undermines Tacy's claim that he would have pled not guilty had Myllynen given different advice. After Myllynen announced to the trial court that Tacy had accepted a plea offer, Tacy and the court had the following exchange:

> THE COURT: Why don't I give you some time to speak with Mr. Tacy. Let's recall it at the end of the docket. Review the score sheet, the plea form, answer any

>       questions that Mr. Tacy may have and it shouldn't take
>       me too much longer to get through the docket.
>
>       THE DEFENDANT: Your Honor, that's fine, but I'm ready
>       right now to accept the plea.

(Doc. #28-1 at 305). The trial court gave Tacy and Myllynen time to confer anyway.

After recalling the case, the trial court questioned Tacy to ensure he understood the rights he waived by pleading no contest, including (1) the presumption of innocence; (2) the right to have his attorney subpoena, depose, and cross-examine witnesses; (3) the right to hold the State to its burden of proof on each element at trial; (4) the right to assert defenses; and (5) the right to have his attorney to file motions and retain an investigator (Id. at 315-22). Tacy confirmed under oath that he understood his waiver of each of these rights. (Id.)

Tacy also made several statements admitting his guilt and expressing remorse: (1) "I knew what caused this and I wasn't on my medication at that time…Had it not been for that the victims wouldn't have to go through the issues that they went through with me" (Id. at 318-19); (2) "I'm guilty, Your Honor, of no contest of this whole case" (Id. at 329); and (3) "I feel bad" (Id. at 330). And he called the plea offer "reasonable" and affirmed he pled no contest because he believed it was in his own best interest. (Id. at 321, 330). Finally, Tacy affirmed he was satisfied with the

advice and counsel of Myllynen and that Myllynen did everything Tacy asked of him. (Id. at 322-24).

Tacy fails to establish either prong of Strickland. The record supports the postconviction court's finding that Myllynen provided competent and reasonable counsel, and there is no evidence that Tacy would have pled not guilty. The Court thus denies Tacy's only ground for habeas relief.

**IV. Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Tacy has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is now

**ORDERED:**

1. Timothy J. Tacy, Sr.'s Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. #12) is **DENIED.**

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida this 10th day of August 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: FTMP-1
Copies: All Parties of Record

13